SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
E.C., an infant under the age of eighteen years by his mother and natural guardian, SARIT CHEN,

                    Plaintiff,

-against-

OORAH INC. d/b/a THE ZONE AND CHILL ZONE,

                    Defendant.
------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

      Plaintiffs, E.C., an infant under the age of eighteen years by his mother and natural guardian, SARIT CHEN, by her attorneys, KASTON & ABERLE, LLP, complaining of the defendant, respectfully alleges, upon information and belief:

      1.    That at the time of the commencement of this action, plaintiffs were and still is are residents of the State of Israel.

      2.    That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, was and still is a foreign not-for-profit corporation duly organized and existing pursuant to the laws of the State of New Jersey.

      3.    That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, was and still is a business entity operating in the State of New York.

      4.    That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, was and still is a business entity authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, and on or about August 4, 2023, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, was the owner of the property located at 123 Scotch Valley Road, Stamford, County of Delaware, State of New York.

6. That at all times hereinafter mentioned, and on or about August 4, 2023, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, was the lessor the property known as 123 Scotch Valley Road, Stamford, County of Delaware, State of New York.

7. That at all times hereinafter mentioned, and on or about August 4, 2023, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, was the lessee the property known as 123 Scotch Valley Road, Stamford, County of Delaware, State of New York.

8. That at all times hereinafter mentioned, and on or about August 4, 2023, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, was the owner of the premises known as 123 Scotch Valley Road, Stamford, County of Delaware, State of New York.

9. That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, operated the aforesaid premises.

10. That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, maintained the aforesaid premises.

11. That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, controlled the aforesaid premises.

12. That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, managed the aforesaid premises.

13. That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, had a duty to inspect the aforesaid premises.

14. That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, had a duty to repair the aforesaid premises.

15. That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, had a duty to clean the aforesaid premises.

16. That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, was responsible for keeping the aforesaid premises clean and in a safe condition.

17. That at all times hereinafter mentioned, defendant, OORAH INC. d/b/a THE ZONE AND CHILL ZONE, had an obligation to inspect the aforesaid premises.

18. That on August 04, 2023, infant plaintiff, E.C., was lawfully on the aforesaid premises.

19. That on August 04, 2023, while the infant plaintiff, E.C., was at the aforesaid location, he was caused to sustain severe and permanent injuries through defendant's negligence.

20. That the defendant, their agents, servants and/or employees were careless, reckless and negligent in the ownership, operation, possession, control, supervision, maintenance, repair and management of the aforesaid premises.

21. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of defendant, without any fault or negligence on the part of the plaintiff, E.C, contributing thereto.

22. The above-mentioned occurrence, and the results thereof, were caused by the negligence of the defendant and/or said defendant's agents, servants, employees, contractors and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid premises.

23: That the defendant, its agents, servants, and/or employees were negligent and careless in knowingly allowing and permitting the aforementioned premises to be and remain in a dangerous condition; in negligently and carelessly causing and permitting said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the public and in particular, the plaintiff herein; in negligently and carelessly permitting the use of said premises by its invitees and/or licensees after creating such a hazardous condition and in unreasonably and improperly not taking affirmative action to exercise a duty of care and remedy same by removing such hazardous condition, thereby creating a danger to the plaintiff and others.

24. That by reason of the foregoing, the infant plaintiff, E.C., has been damaged in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**WHEREFORE,** plaintiffs demand judgment against the defendant in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with the interest, costs and disbursements.

Dated: Mineola, New York
October 11, 2024

KASTON & ABERLE, LLP

By: _____
DAVID E. KASTON, ESQ.
*Attorneys for Plaintiffs*
259 Mineola Boulevard
Mineola, New York 11501
(516) 873-3040
File No. JM 6118

TO: *Service via Secretary of State
pursuant to §306*
**OORAH INC. d/b/a THE ZONE AND CHILL ZONE**
1805 Swarthmore Avenue
Lakewood, NJ 08701

## ATTORNEY VERIFICATION

STATE OF NEW YORK     }
                     } ss.:
COUNTY OF NASSAU     }

I, DAVID E. KASTON, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following under the penalties of perjury:

1. I am a partner of the law firm of KASTON & ABERLE, LLP, attorneys of record for the plaintiff, in the within action.

2. I am fully familiar with the facts and circumstances of this action from a review of the file maintained by this office.

3. I have read the foregoing *SUMMONS AND VERIFIED COMPLAINT* and know the contents thereof and same is true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

4. The reason this Verification is made by me and not by the plaintiff is because the plaintiff is an individual who is outside the county from where deponent maintains his principal office.

Dated: Mineola, New York
       October 11, 2024

*David Kaston*

_____
DAVID E. KASTON, ESQ.

FILED: KINGS COUNTY CLERK 10/11/2024 02:09 PM
INDEX NO. 527685/2024
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 10/11/2024

Index No.                                   Year 2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

E.C., an infant under the age of eighteen years by his mother
and natural guardian, SARIT CHEN,

Plaintiff,

-against-

OORAH INC. d/b/a THE ZONE AND CHILL ZONE,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**KASTON & ABERLE, LLP**
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
259 MINEOLA BOULEVARD
MINEOLA, NEW YORK 11501
(516) 873-3040
FAX: (516) 873-5166

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained on the annexed document are not frivolous and that we are in compliance with the remaining sections thereof and with Section 22 NYCRR 1200.41-a.*

Dated: October 11, 2024

Signature _____
Print Signer's Name __DAVID E. KASTON, ESQ.__

Service of a copy of the within                                is hereby admitted.
Dated
Attorneys for  ..................................................

S I R : - PLEASE TAKE NOTICE

☐   that the within is a *(certified)* true copy of a
    duly entered in the office of the clerk of the within named court on
NOTICE OF
ENTRY

☐   that an Order of which the within is a true copy will be presented for settlement to
the Hon.            one of the judges of the within named court, at
NOTICE OF SETTLEMENT        on            at        AM.
Dated:

Yours, etc.,
**KASTON & ABERLE, LLP**
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
259 MINEOLA BOULEVARD
MINEOLA, NEW YORK 11501
(516) 873-3040
FAX: (516) 873-5166

7 of 7